## STEAM GAUGE & LANTERN CO. *v.* WILLIAMS.

*(Circuit Court of Appeals, Second Circuit. July 20, 1892.)*

**1. PATENTS FOR INVENTIONS—LIMITATION OF CLAIM—PRIOR ART—HEADLIGHTS.**
Claim 1 of letters patent No. 262,169, issued August 1, 1882, to Edward Wilhelm, for an improved locomotive headlight, covers "a reflector provided with an opening behind the burner, whereby light is emitted backwardly into the headlight case for illuminating signal plates or lenses applied to said case, substantially as described." *Held* that, in view of the pre-existing headlights, the claim must be limited to a reflector having an opening near its apex separate from the burner hole or chimney hole of those devices.

**2. SAME—INFRINGEMENT.**
Claim 2, which covers a combination of "a reflector constructed with an opening behind the burner, and an auxiliary reflector, whereby the light emitted backwardly through such opening is directed towards the signal plates or lenses," must be limited to a combination of the reflector of the first claim, with its improved opening and an auxiliary reflector, and is not infringed by a reflector with any opening behind the burner and an auxiliary reflector. 42 Fed. Rep. 843, affirmed.

Appeal from the Circuit Court of the United States for the Northern District of New York.

In Equity. Bill by the Steam Gauge & Lantern Company against Irvin A. Williams for infringement of patent. Decree dismissing the bill. Complainant appeals. Affirmed.

*Albert H. Walker*, for complainant.

*Edmund Wetmore*, for defendant.

Before LACOMBE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. This is an appeal from the decree of the circuit court for the northern district of New York, which dismissed the complainant's bill in equity, founded upon the alleged infringement of letters patent No. 262,169, dated August 1, 1882, to Edward Wilhelm, for an improved locomotive headlight. The invention related to "an improvement in that class of headlights which are provided with signal plates or lenses in the sides of the headlight case," and its object was to illuminate such plates, so that the letters thereon could be easily observed at night. The patentee says in his specification that these plates had been illuminated in various ways, "either by direct light thrown upon the signal plates through openings in the reflector on both sides of the lamp, or by the light which is emitted through the chimney opening of the reflector, and which diffuses itself in the upper portion of the headlight case, and also by light reflected backwardly from the front end of the headlight case." He further says that his invention consisted "in constructing the reflector with an opening at or near its apex behind the lamp, whereby light is emitted backwardly into the headlight case, where it diffuses itself, and may be utilized for illuminating the signal plates or lenses applied to the headlight case; also in providing such case and reflector with an auxiliary reflector, which deflects the light emitted backwardly through the openings in the main reflector, and directs such light upon the signals which are desired to be illuminated." The two claims of the patent are as follows:

"(1) In a headlight, a reflector provided with an opening arranged behind the burner, whereby light is emitted backwardly into the headlight case for illuminating signal plates or lenses applied to said case, substantially as set forth. (2) The combination, with a headlight case, provided with signal plates or lenses, of a reflector constructed with an opening arranged behind the burner, and an auxiliary reflector, whereby the light emitted backwardly through such opening is directed towards the signal plates or lenses, substantially as set forth."

The history of the progress in the method of illuminating signal plates of locomotive headlights, so that the signals can be readily observed at night, is detailed by Judge WALLACE in his opinion in the circuit court, (42 Fed. Rep. 843,) and therefore need not be fully restated here. The summary of facts which is contained in the portion of the specification which has been quoted is sufficient, except, it is important to say, that before 1880 the defendant made or designed a reflector which differed in form from those previously in use, was deeper, and so shaped that the part in rear of the burner was elongated, and the hole for the body of the lamp was considerably enlarged rearwardly. This was done to facilitate access to the lamp for the purpose of trimming and lighting. A headlight with such a reflector was patented December 28, 1880, and, so far as the opening behind the burner is concerned, the headlight which is alleged to infringe was described in that patent. The improvement which was described in the first claim of the patent was the improved opening in the reflector at or near its apex, and distinct from the burner hole or chimney hole of any of the pre-existing devices. The aperture of the claim must be limited to the described opening at or near the apex of the reflector, which had alleged advantages of its own, resulting from its location, or the claim cannot be sustained. The defendant's headlight is not an infringement of the first claim, and the complainant does not now ask for a favorable decree, so far as that claim is concerned. The invention of the second claim is the combination of the headlight case and the reflector of the first claim, with its improved opening and an auxiliary reflector. It cannot be construed to include a reflector with an opening behind the burner and an auxiliary reflector, for the gist of the improvement lay in the location of the aperture; and an improvement which consists merely in the addition of an auxiliary reflector, which should direct the light from an opening, would not rise to the plane of patentable invention. The reflector of the defendant's headlight does not have an opening distinct from its burner hole or chimney hole, and therefore does not infringe either claim. The decree of the circuit court is affirmed.